488 So.2d 176 (1986)
Michael P. BABINE, Appellant,
v.
GILLEY's BRONCO SHOP, INC., Appellee.
No. BD-383.
District Court of Appeal of Florida, First District.
May 13, 1986.
Stephen H. Echsner of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
David A. Sapp of Bell, Hahn & Schuster, Pensacola, for appellee.
WIGGINTON, Judge.
Appellant appeals the trial court's entry of final summary judgment in favor of appellee (Gilley's). We affirm.
Appellant brought suit against Gilley's and Kevin's West, Inc., a nightclub, seeking *177 damages for injuries he sustained when he was thrown from an "El Toro" mechanical bull owned and operated by Kevin's and manufactured by Gilley's. The mechanical bull in question was originally sold by Gilley's to another party who later sold the bull to Kevin's. The mechanical bull was manufactured for the purpose of being a training device for rodeo cowboys.
Prior to riding the bull at Kevin's, appellant signed a form releasing Kevin's from all liability for injuries that might occur from riding the bull. Kevin's placed mattresses around the bull to cushion the fall of riders, but evidence shows that the mattresses were not adequately pushed together when appellant rode the bull. Appellant was thrown off during his ride, hit his head on the floor at a place where the mattresses gapped and sustained serious injuries. The trial court earlier granted Kevin's motion for summary judgment on the basis of the release form and this Court per curiam affirmed that decision. Babine v. Kevin's West, Inc., 412 So.2d 473 (Fla. 1st DCA 1982).
The instant case involves only appellant's suit against appellee Gilley's, in which appellant sought recovery on the following grounds: (1) the mechanical bull was defective because the manufacturer did not supply adequate landing gear to the purchaser and (2) since the bull is inherently dangerous, the doctrine of strict liability should apply against Gilley's. In his order on summary judgment, the trial judge found as follows:
Based upon such record, the Court finds that there are no justiciable issues of fact to be decided by the trier of fact in that it is indisputable in the record that the "El Toro" operated as designed without defect and as such was not inherently dangerous, barring a claim under a strict liability or breach of warranty complaint.
Without latent or hidden defect, Defendant had no duty to warn of potential hazards. Regardless, Plaintiff had knowledge of the actual hazards superior to that of the Defendant who knew nothing of the "El Toro's" location or padding in use at the time of the accident. It is also indisputably evident from the facts that in mounting and riding the "El Toro" that the plaintiff assumed the risks that were open and obvious and acknowledged by him prior to the ride.
Gilley's Bronco Shop, Inc., is not responsible for the negligence of Kevin's West, Inc.
In his order granting rehearing affirming summary judgment, the trial judge elaborated further, as follows:
There is no evidence in the record of this case to show that the EL TORO'S design proximately caused Plaintiff's injury. The design required a landing pad and the defendant warned all purchasers of that requirement. Nothing has been offered showing that the recommended pad was not adequate to ensure reasonably acceptable safe operation of the EL TORO.
The EL TORO is not unreasonably dangerous because of its design as there is no competent evidence in the record to show that the product failed to perform as safely as expected when used as designed, and as intended, with the recommended pad. The manufacturer could not reasonably foresee that the product would be operated without the recommended pad.
The risk of danger does not outweigh the benefits for which the product was designed  to train rodeo performers. There is no evidence in this record to suggest that Gilley's had reason to believe this product was to be used in a bar. The only evidence in the record suggesting that the danger outweighs the utility is when the utility of the EL TORO is measured as it was used in Kevin's West's bar which is not the design purpose, nor the intended purpose, nor the known or reasonably expected use of this EL TORO. Regardless, there is nothing in the record to establish that the utility, even in a bar, is outweighed by the danger when the product is used as designed with the recommended pad.
The single issue remaining is whether as a matter of law a manufacturer is *178 required to furnish all designed safety devices or it is legally sufficient to warn of their requirement for safe operation. For example: should the manufacturer of diving boards be required to ensure that their board, designed to spring a user to a height that at least 8 feet of water is required for a safe landing, is only used with pools having at least 8 feet of water, or is their warning sufficient? Should the manufacturer of grinders or power saws be required to provide safety glasses and other guards, or is their warning not to operate the equipment without the safety devices sufficient? Or, should the manufacturers of welding torches be required to provide the eye protection required for safe operation, or is their warning of the need sufficient? Do the manufacturers of parachute landing training devices have a legal obligation to provide a safe landing pit, or does the warning of the need and the providing of the recommended design suffice?
This Court finds that as a matter of law that there is no requirement for a manufacturer to provide all designed and recommended safety devices with its product. Warning of the need of additional equipment for safe operation of the product is sufficient unless the required safety equipment is an integral part of the product or is so costly or otherwise burdensome as to make its purchase and use by the consumer unlikely.
In the instant case, the record demonstrates that a proper warning was contained with the EL TORO as to the need for an adequate landing pad and suitable specifications were provided. Gilley's obligation was satisfied.
Another point in the Court's earlier order which apparently needs clarification is the Court's finding that without latent or hidden defects in its product, a manufacturer has no duty to warn of potential dangers when they are open and obvious to the user.
Plaintiff argued at rehearing that the obviousness of the hazard or the patent danger of a product is not an exception to liability on the part of a manufacturer but rather is a defense by which the manufacturer may show that a plaintiff did not exercise a reasonable degree of care as required by the circumstances. This argument is quite valid where the complaint alleges negligence in design or a breach of implied warranty on the part of the manufacturer. But, where the complaint alleges that the negligence is solely in the lack of a warning as was argued by plaintiff as one theory of recovery, the open and obvious doctrine can be a bar and not simply a defense to that claim. This Court reaffirms its earlier decision on this point.
We find the trial judge's orders on summary judgment to be well reasoned and legally correct. Therefore, we adopt the above-quoted portions of the orders in this opinion.
Appellant relies upon Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979), in which the court held that the obviousness of a hazard in a product is not an exception to liability on the part of the manufacturer but rather is a defense by which the manufacturer may show that the plaintiff did not exercise a reasonable degree of care as required by the circumstances and that the principles of comparative negligence apply where this defense is raised. Appellant urges that the Auburn Machine Works ruling precludes summary judgment in the instant case. However, that case is distinguishable because, there, it appears that the missing safety shield which led to the claimant's injury was an integral part of the machine in question and the machine's design constituted a departure from reasonably safe and sound engineering practices. We decline to extend the ruling of that case to the facts of the instant one.
AFFIRMED.
BOOTH, C.J., and SHIVERS, J., concur.