[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13877
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-23095-KMW

SHERILYN J. LEROUX,

Plaintiff - Appellant,

versus

NCL (BAHAMAS) LTD.,
d.b.a. Norwegian Cruise Line,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2018)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this maritime tort action, Plaintiff Sherilyn J. LeRoux appeals the grant of summary judgment to defendant NCL (Bahamas) Ltd., d.b.a. Norwegian Cruise Line ("NCL").  Plaintiff sued Defendant following an injury Plaintiff sustained after a fall aboard a NCL vessel.  After careful review of the record and the parties' briefs, we affirm the district court's grant of summary judgment to Defendant.

## I.     BACKGROUND

### A.     Factual Background

In May 2015, Plaintiff boarded Defendant's cruise ship, the Norwegian Epic. Plaintiff stayed in a cabin with an exterior balcony.  Passengers accessed the balcony through a door that opened into the cabin.  The door has a threshold that is several inches high and includes a metal sliding glass door track.

While docked in Naples, Italy, Plaintiff exited her cabin onto the balcony. After more than two hours on her balcony, Plaintiff attempted to reenter her cabin just after sunset.  The balcony light was out, but a light was on inside the cabin.  As she moved to enter her cabin through the door, she stepped up to avoid the threshold, but her right toe caught in the metal track, causing her to fall into her cabin and sustain injuries.  Plaintiff testified that she saw the threshold, door, and cabin as she attempted to enter the cabin from the balcony.  She further testified that she knew she had to lift her foot up and over the threshold to get into the cabin without tripping and that she did lift her foot up at least six inches or so.  She

2

admitted she had previously stepped over the door's threshold and down onto the balcony without incident. She also testified that she recognized the different colors distinguishing the balcony, threshold, cabin, and ship, and could discern the difference between the balcony floor and the cabin floor. Although aware of the need to step over the threshold, Plaintiff maintains that she would have been more careful had Defendant warned her of the danger.

## B.    Procedural History

On August 18, 2015, Plaintiff filed this lawsuit against Defendant. Plaintiff asserted two claims for negligence: (1) that Defendant negligently failed to warn Plaintiff of the dangerous threshold; and (2) that the threshold should have been designed and built such that it did not constitute a tripping hazard. Plaintiff sought damages for pain, mental anguish, and medical expenses.

The district court granted summary judgment for Defendant. The court rejected Plaintiff's failure to warn claim because the threshold was an open and obvious danger that Defendant had no duty to warn Plaintiff about and Plaintiff failed to demonstrate that NCL had notice of the alleged dangerous condition. The district court also granted summary judgment on Plaintiff's improper design claim, holding that Plaintiff failed to demonstrate that Defendant was responsible for the alleged improper design of the threshold. Plaintiff appealed only the district court's grant of summary judgment on her failure to warn claim.

## II.    DISCUSSION

### A.    Standard of Review

This Court reviews a district court's grant of summary judgment *de novo,* applying the same legal standards as the district court.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this determination, we view all evidence and make all reasonable inferences in favor of the non-moving party.  *Chapman*, 229 F.3d at 1023.

### B.    Application of Maritime Law to Plaintiff's Claim

Federal maritime law applies to actions arising from alleged torts committed aboard a ship sailing in navigable waters.  *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989).  When neither statutory nor judicially created maritime principles provide an answer to a specific legal question, federal courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law.  *Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 839 (11th Cir. 2010).

"[I]t is a settled principle of maritime law that a shipowner owes a duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."  *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 908 (11th Cir. 2004) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S.

4

625, 630 (1959)).  This Court has regularly applied that reasonable care standard in maritime tort cases alleging negligence.  *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1357 (11th Cir. 1990) (passenger tripped over metal threshold cover in a doorway); *Keefe*, 867 F.2d at 1320 (passenger slipped and fell in a cruise ship disco).  Our case law makes clear that "[a] carrier by sea ... is not liable to passengers as an insurer, but only for its negligence."  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

To prevail on a maritime tort claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012); *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008).  We rely on general principles of negligence law. *Chaparro*, 693 F.3d at 1336.  The ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition, at least where, as here, the risk is one just as commonly encountered on land and not clearly linked to nautical adventure.  *Keefe*, 867 F.2d at 1322.

But federal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and

5

obvious danger.  The duty to warn in the maritime tort context extends to only known dangers which are not apparent and obvious.  *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013); *see Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1, 42 (S.D. Fla. 1986) (dismissing passenger's claim because the presence of a ledge behind a shower curtain was an open and obvious condition), *aff'd*, 808 F.2d 60 (11th Cir. 1986) (table); *see also Mosher v. Speedstar Div. of AMCA Int'l, Inc.*, 979 F.2d 823, 826 (11th Cir. 1992) (stating that, under Florida law, obvious danger bars failure-to-warn claims).

Here, the risk-creating condition, the raised threshold, was open and obvious to Plaintiff by her own account.  She admitted she had previously stepped over the door's threshold and down onto the balcony without incident.  Plaintiff testified that she saw the threshold that separated her cabin from the balcony and knew that she had to lift her foot up and over the threshold to get into the cabin without tripping.  She also testified that she recognized the different colors distinguishing the balcony, threshold, cabin, and ship, and could discern the difference between the balcony floor and the cabin floor.  Plaintiff simply failed to negotiate a known and obvious hazard.  Defendant did not breach its duty of reasonable care by failing to warn her of a condition of which she was aware and any reasonable person in her position would have been aware.  *See Luby*, 633 F. Supp. at 41–42.

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court granting summary judgment.