Josephine LONG, Plaintiff,

v.

CELEBRITY CRUISES, INC., Defendant.

Case No. 12–22807–CV.

United States District Court, S.D. Florida.

Aug. 1, 2013.

Keith Steven Brais, Richard Dennis Rusak, Brais & Associates, P.A., Miami, FL, for Plaintiff.

Daniel Scott Marcotte, David James Horr, Stephanie Hurst Wylie, Horr, Novak & Skipp, P.A., Miami, FL, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EDWIN G. TORRES, United States Magistrate Judge.

THIS CAUSE is before the Court on Defendant Celebrity Cruises, Inc.'s ("Defendant") Motion for Summary Judgment. [D.E. 24].[1] After considering the Motion, related filings, oral argument of counsel, and being fully advised in the premises, we Deny the motion for the reasons discussed below.

## I. BACKGROUND

On August 8, 2011, Plaintiff Josephine Long ("Plaintiff") was a passenger onboard one of Defendant's cruise ships when she fell as she attempted to descend a stair. She alleges that she tripped over a defective metal stair nosing that was pried up, insecurely fastened, and/or raised higher than the flooring. She further alleges that Defendant created the hazardous condition and/or had actual or constructive notice of the condition and that she was injured as a result of Defendant's negligence in not remedying the condition. [*Id.* at 4].[2]

For its part, Defendant claims that Plaintiff simply missed the step.[3] In its motion for summary judgment, Defendant argues that Plaintiff failed to establish: (1) the existence of a dangerous condition; (2) that Defendant had notice of the alleged dangerous condition or an opportunity for corrective action; and (3) that Defendant had a duty to warn her of the alleged dangerous condition. In its Reply, Defendant adds that Plaintiff failed to prove the alleged defective condition was the proximate cause of her fall. Defendant contends that there are no genuine issues of material fact in dispute and therefore summary judgment should be granted in its favor.

## II. ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no

[1]. We heard argument on this and other pending motions at the Pretrial Conference held on July 26, 2013, at which time we orally ruled on a number of the motions. One of the motions we disposed of that day was Defendant's Motion to Strike the affidavit testimony of Theresa Nykanen ("Nykanen") [D.E. 46] which Plaintiff filed in connection with its opposition to this summary judgment motion. We denied that motion to strike. Plaintiff's Motion to Strike Defendant's Reply [D.E. 62] is likewise denied.

[2]. More specifically, Plaintiff alleges in her one-count Complaint filed on July 31, 2012 that Defendant was negligent by, among other things: (1) failing to maintain the stairwell including the nosings to allow normal and safe foot traffic; (2) failing to post signs or otherwise warn that the nosings of the steps that made up the stairwell were uneven, raised, pried up, and otherwise hazardous; (3) failing to correct the hazardous condition; (4) observing that the subject nosing was uneven, pried up, or raised higher than the others making up the stairwell but failing to correct or make the steps safe; and (5) failing to properly maintain the area in a safe and reasonable manner. [D.E. 1 at 4–5].

[3]. Video footage of the incident, captured by Defendant's security camera, was destroyed by Defendant and is the subject of a separate Order on spoliation.

genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed.R.Civ.P. 56(c), (e); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which

the non-movant relies, are "implausible." *Matsushita,* 475 U.S. at 592–94, 106 S.Ct. 1348; *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 743 (11th Cir.1996).

### B. Applicable Law

This incident occurred on board a ship while it was in navigable waters, thus, federal maritime law governs our consideration of the matter. *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990); *Jackson v. Carnival Cruise Lines, Inc.,* 203 F.Supp.2d 1367, 1373 (S.D.Fla.2002).

To prevail on her negligence claim, Plaintiff must prove that: 1) Defendant owed her a duty; 2) Defendant breached that duty; 3) the breach was the proximate cause of Plaintiffs injury; and 4) she suffered damages. *Hasenfus v. Secord,* 962 F.2d 1556, 1559–60 (11th Cir. 1992); *Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232, 1236 (S.D.Fla.2006). Cruise ship owners and operators owe their passengers "the duty of exercising reasonable care under the circumstances of each case." *Kermarec v. Compagnie Generale Translantique,* 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). However, a cruise ship operator "is not an insurer of its passengers' safety.... There thus must be some failure to exercise due care before liability may be imposed." *Monteleone v. Bahama Cruise Line, Inc.,* 838 F.2d 63, 65 (2d Cir.1988).

Taking the evidence in a light most favorable to the non-moving party, we find that Plaintiff put forth sufficient evidence to raise a genuine issue of material fact as to whether Defendant breached its duty of reasonable care to her, making summary judgment inappropriate on this record.

### 1. Existence of a Defective Condition

Defendant argues that Plaintiff failed to establish that a dangerous condi-

tion existed at the time of her accident. To the contrary, Plaintiff presented evidence about the condition of the step over which she tripped shortly after the incident: the nosing of the step was observed to be uneven, and the plastic light tube that should have been fitted flush inside the metal nosing was broken and pieces were protruding above the top of the nosing.[4] Plaintiff also proffered an expert's opinion that the attempted makeshift repairs to the plastic light tube using sealant fell below minimum stair maintenance safety standards, were ineffective, and created a known tripping hazard.[5] Finally, the evidence shows that only a shipboard employee would repair or replace the plastic light tube in the nosing of the step [D.E. 82], and no repairs were reported during the three months prior to the incident. [D.E. 24 at 6]. The foregoing evidence creates a genuine issue of material fact as to whether a defective condition existed at the time of Plaintiff's accident.

■ Defendant's suggestion that Plaintiff switched her theory of liability late in the case (and much to Defendant's surprise) is mistaken. The original allegations of the Complaint—improper maintenance and an uneven, pried up, raised, and otherwise hazardous nosing of the step— can fairly be said to encompass the more specific allegations of improper maintenance of the plastic light tube inside the nosing, and the consequences flowing therefrom. Rather than introducing a new theory, Plaintiff has simply provided specificity to her original claim; it remains of the same general character as the theory introduced in the original Complaint. We also note that, due to the timing of the parties' consent to magistrate jurisdiction vis-a-vis the then—existing pretrial schedule, summary judgment motions were filed well before discovery closed (June 20, 2013) and expert disclosures were to have been exchanged (May 17, 2013). [D.E. 54]. Consequently, the matter was not a surprise or outside the scope of the original complaint.

### 2. Notice to Defendant

■ Defendant also contends that Plaintiff failed to show it had actual or constructive notice of the allegedly dangerous condition. The standard of reasonable care generally requires that a cruise ship operator have actual or constructive notice of the risk-creating condition. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989). Where a cruise ship operator created the unsafe or foreseeably hazardous condition, a plaintiff need not prove notice in order to show negligence.

4. Plaintiff's daughter, Theresa Nykanen, examined the stair shortly after her mother's fall. [D.E. 40–2 (Nykanen Decl.); D.E. 73–1 (Nykanen Depo.) ]. Nykanen observed that the nosing on the edge of the step was made of metal with a plastic light tube fitted inside; that some of the lights in the plastic light tube were burnt out; and that the plastic tube itself was broken into pieces and some of those pieces protruded above the top of the metal nosing. It appeared to her that a repair of the broken light tube had been attempted, using a cloudy/greyish-colored sealant or silicone to secure the broken light tube pieces to the metal as well as to fill in the gaps between the broken light tube pieces. Photographs that Nykanen took at the time show the burnt-out lights, the uneven plastic light tube, and the attempted "makeshift" repair. According to Nykanen, photographs that were taken later were clearer and better depicted what she had observed at the scene.

5. After inspecting the ship at issue, Plaintiff's liability expert, William Martin, opined in part that Defendant failed to properly maintain the nosing in conformance with applicable stair safety standards; and this failure to properly maintain, repair, and replace the defective nosing caused the damaged plastic light tube to protrude above the surface of the nosing and constituted a tripping hazard. [D.E. 40–3 (Martin's Expert Rep.].

See *Groves v. Royal Caribbean Cruises, Ltd.*, No. 09–20800–CIV–TORRES, D.E. 95 at 3, 4 (S.D.Fla. Dec. 8, 2010) (Order on Summ. J.) (stating that the plaintiff need not prove the carrier had notice of a foreseeably dangerous condition of the dining area if the carrier was responsible for its design and layout (citing *Rockey v. Royal Caribbean Cruises, Ltd.*, 2001 WL 420993, at *3 (S.D.Fla. Feb. 20, 2001) (denying summary judgment and holding that plaintiff bringing negligence claim did not have to prove cruise line had notice of dangerous condition where cruise line's own action in improperly locating and storing the bingo board created the hazardous condition) and *McDonough v. Celebrity Cruises, Inc.*, 64 F.Supp.2d 259, 264 (S.D.N.Y. Aug. 26, 1999) (denying summary judgment and holding that plaintiff need not prove notice when the shipowner created a foreseeably hazardous situation where passenger was hit by falling coconut drink served by the cruise line))); *see also Caldwell v. Carnival Corp.*, 944 F.Supp.2d 1219, 1223–24 (S.D.Fla.2013); *McLean v. Carnival Corp.*, 2013 WL 1024257, at *4–5 (S.D.Fla. Mar. 14, 2013); *Baker v. Carnival Corp.*, 2006 WL 3519093, at *3 (S.D.Fla. Dec. 6, 2006); *cf. Mendel v. Royal Caribbean Cruises, Ltd.*, 2012 WL 2367853, at *3–4 (S.D.Fla. June 21, 2012) (granting summary judgment for cruise line where the plaintiff failed to present any evidence of actual or constructive notice of alleged dangerous condition at the exit step of a swimming pool; distinguishing *Rockey* on the ground that the defendant in *Rockey* created the hazardous condition whereas the facts before district court were more analogous to those in *Groves*, where the plaintiff failed to present any evidence showing the cruise line had actual or constructive notice of an alleged defective design of the dining area).

Plaintiff predicates her theory of negligence on Defendant's improper maintenance of the nosing which created the unsafe or foreseeably hazardous condition of broken pieces of the plastic light tube protruding above the metal tread on a step. *See Rockey*, 2001 WL 420993, at *4–5; *McDonough*, 64 F.Supp.2d at 264. Importantly, Plaintiff is not simply arguing that an otherwise safe area was made hazardous by the sudden presence or emergence of some object (such as wetness on the ground, a protruding threshold cover, or a protruding screw).

The cases on which Defendant relies do not involve defendants who had a hand in creating the unsafe or reasonably foreseeably hazardous condition at issue, therefore they are factually distinguishable from our own.

Accordingly, we conclude that Plaintiff satisfied the notice requirement in her negligence case, at least for purposes of summary judgment. She has presented evidence showing a genuine issue of material fact exists as to whether Defendant created the allegedly dangerous condition sufficient to constitute a breach of its duty of reasonable care.

### 3. *Proximate Cause*

Defendant contends that Plaintiff failed to show that her injury was more likely than not caused by Defendant's negligent conduct. We disagree. Plaintiff testified that her foot was caught on the nosing which in turn caused her to fall; and her daughter and liability expert testified that the plastic light tube was broken, uneven, and protruding in the area in which Plaintiff fell. Plaintiff has shown a reasonable basis for us to conclude that a genuine issue of fact exists as to whether the improper and negligent maintenance of the nosing was the cause of Plaintiffs fall. *See Fedorczyk v. Caribbean Cruise Lines,*

*Ltd.,* 82 F.3d 69, 74 (3d Cir.1996).[6]

### III. CONCLUSION

Because the Court finds that Plaintiff has presented enough evidence to create a genuine issue of material fact as to each of the elements of her negligence claim, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [D.E. 24] is DENIED.

6. The issue of proximate cause was not part of Defendant's initial Motion for summary judgment; it was raised for the first time in Defendant's Reply, filed on June 12, 2013. [D.E. 62]. According to Defendant, the reason for the untimely assertion was that Plaintiff in responding to summary judgment introduced a new theory of liability supported by conflicting evidence. We already rejected that notion. The untimely assertion deprived Plaintiff of an opportunity to more fully develop the record evidence of proximate cause.