[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10658
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20697-MGC

DONALD SMITH,

Plaintiff-Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 29, 2015)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this maritime tort action, Plaintiff Donald Smith appeals the grant of summary judgment to defendant Royal Caribbean Cruises, Ltd. ("Royal"). Plaintiff Smith sued defendant Royal following an injury Smith sustained while swimming in a pool aboard a Royal vessel. After careful review of the record and the parties' briefs, we affirm the district court's grant of summary judgment to defendant Royal.

## I.  BACKGROUND

### A.    The Incident

In February 2012, plaintiff Smith and his wife were passengers aboard defendant Royal's Liberty of the Seas cruise ship. On or about February 27, 2012, plaintiff Smith, an avowed recreational swimmer, went to an outdoor pool aboard the ship. Upon arriving at the pool, Smith noticed that the water in the pool looked green, cloudy, and murky. Nonetheless, Smith decided to enter the pool. Smith was in the pool for approximately twenty minutes without incident.

During this time, Smith made several attempts to swim the length of the pool underwater without coming up for air. He swam beneath the surface of the pool, swimming the breaststroke, with his eyes open but not wearing goggles. Smith twice attempted this without success, coming up for air before reaching the end of the pool. In these initial attempts, he noticed that he could not see clearly under

2

the water.  Smith's deposition testimony states that he had trouble seeing underwater "[r]ight away."

On Smith's third attempt to swim the length of the pool, Smith covered the distance without coming up for air.  When he reached the edge of the pool, however, Smith hit his forehead on the wall of the pool.  At the time of impact, Smith hands were behind him, but Smith's head was up, looking for the wall.

Plaintiff Smith exited the pool using the nearby ladder.  He immediately noticed that his right arm was not functioning properly and he used his left arm to use the ladder.  He felt pain in his neck and arm.  Smith and his wife immediately sought medical attention from the ship's medical staff.

According to Smith, at no point during his time in the pool did the level of cloudiness of the water change.  Plaintiff Smith did not notice any difference in the water from the beginning of his swim to the end.

**B.    The District Court Proceedings**

On February 26, 2013, plaintiff Smith filed a complaint in the United States District Court for the Southern District of Florida alleging that defendant Royal was negligent in its maintenance and operation of the swimming pool and in failing to warn plaintiff Smith about the dangers associated with use of the pool.

On December 27, 2013, defendant Royal moved for summary judgment on all of plaintiff Smith's claims.  Royal argued, inter alia, that: (1) Royal had no duty

3

to warn Smith of any dangers that were open and obvious; (2) the design, operation, and maintenance of the pool (including the pool's water quality) conformed to a variety of national standards; (3) Royal could not be held responsible for the design of the pool; and (4) plaintiff Smith was the sole cause of his accident.

On January 13, 2014, plaintiff Smith opposed the summary-judgment motion. Within this opposition, and specifically within the statement of undisputed facts, plaintiff Smith relied heavily on the affidavit of Thomas Ebro, Smith's intended expert at trial. On March 4, 2014, defendant Royal moved to strike Thomas Ebro as an expert for plaintiff Smith, arguing that Ebro's opinions and testimony did not meet the legal standard required by Daubert and its progeny. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993).

The district court did not decide defendant Royal's motion to strike prior to deciding the summary-judgment motion. On May 13, 2014, the district court denied the summary-judgment motion, holding that "genuine issues of material fact exist[ed] regarding" defendant Royal's alleged negligence.

On October 15, 2014, the district court granted defendant Royal's motion to strike plaintiff's expert Thomas Ebro. Plaintiff Smith moved to reconsider that order, and the district court denied that motion. Plaintiff Smith does not here appeal the exclusion of Thomas Ebro as an expert.

On December 22, 2014, defendant Royal moved for reconsideration of the district court's earlier order denying summary judgment in light of the changed circumstances caused by the exclusion of plaintiff Smith's sole expert.  On January 14, 2015, after briefing and a hearing, the district court granted defendant Royal's motion for reconsideration and summary judgment to defendant Royal.

Plaintiff Smith timely appealed, and now argues that both the grant of summary judgment and the grant of defendant Royal's reconsideration motion were in error.

## II.  STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court.  Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  A grant of summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this determination, we view all evidence and draw all reasonable inferences in favor of the non-moving party.  Chapman, 229 F.3d at 1023.  And we may affirm an order granting summary judgment on any ground fairly presented by the record.  See Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1237 (11th Cir. 2010); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993).

5

We review an order on a motion for reconsideration only for abuse of discretion.  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

## III.  DISCUSSION

Federal maritime law applies to actions arising from alleged torts committed aboard a ship sailing in navigable waters.  Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1320 (11th Cir. 1989).  When neither statutory nor judicially created maritime principles provide an answer to a specific legal question, federal courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law.  Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 839 (11th Cir. 2010).

"[I]t is a settled principle of maritime law that a shipowner owes a duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew."  Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 908 (11th Cir. 2004) (quoting Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630, 79 S. Ct. 406, 409 (1959)).  This Court has regularly applied that reasonable care standard in maritime tort cases alleging negligence.  See Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1357 (11th Cir. 1990) (passenger tripped over metal threshold cover in a doorway); Keefe, 867 F.2d at 1320 (passenger slipped and fell in a cruise ship disco).  Our case law makes clear that "[a] carrier

6

by sea . . . is not liable to passengers as an insurer, but only for its negligence."
Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984).

To prevail on a maritime tort claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.  Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012); Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008).  We rely on general principles of negligence law. Chaparro, 693 F.3d at 1336.  The ordinary-reasonable-care-under-the-circumstances standard we apply, as a prerequisite to imposing liability, requires that the shipowner have had actual or constructive notice of the risk-creating condition, at least where, as here, the risk is one just as commonly encountered on land (or, in a pool built on land) and not clearly linked to nautical adventure. Keefe, 867 F.2d at 1322.

But federal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger.  The duty to warn in the maritime tort context extends to only known dangers which are not apparent and obvious.  Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013); see Luby v. Carnival Cruise Lines, Inc., 633 F. Supp. 40, 41 n.1, 42 (S.D. Fla. 1986) (dismissing passenger's claim because

the presence of a ledge behind a shower curtain was an open and obvious condition), aff'd, 808 F.2d 60 (11th Cir. 1986) (table); see also Mosher v. Speedstar Div. of AMCA Int'l, Inc., 979 F.2d 823, 826 (11th Cir. 1992) (stating that, under Florida law, obvious danger bars failure-to-warn claims).

Here, the risk-creating condition, the alleged cloudiness of the water, was open and obvious to plaintiff Smith by his own account.  He recognized "[r]ight away" that he could not see while he was swimming underwater and noticed the murkiness of the water before even entering the pool.  Defendant Royal did not breach its duty of reasonable care by failing to warn him of a condition of which he, or a reasonable person in his position, would be aware.  See Smolnikar v. Royal Caribbean Cruises Ltd., 787 F. Supp. 2d 1308, 1323 (S.D. Fla. 2011).

Plaintiff Smith argues that even if an open and obvious condition precludes any failure-to-warn claim, defendant Royal still had an obligation to reasonably maintain the pool.  Royal has presented ample evidence that it did so.  Royal's expert, Wallace James, averred that the protocols followed on the Liberty of the Seas conformed with national standards and industry practices.  More difficult for plaintiff Smith is that, in the absence of his own expert, he cannot rebut this

8

evidence to make a prima facie case on Royal's failure to maintain the pool. So, too, for any claims premised on the absence of a lifeguard.[1]

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's order dated January 14, 2015, granting defendant Royal's motion for reconsideration and granting summary judgment to defendant Royal.

**AFFIRMED.**

---

[1]We also reject plaintiff Smith's claim that the district court abused its discretion in granting the motion for reconsideration.