Karen BUJARSKI, Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company d/b/a Norwegian Cruise Lines; NCL Corporation Ltd; NCL Corporation Ltd, d/b/a Norwegian Cruise Lines; NCL (Bahamas) Ltd, d/b/a Norwegian Cruise Lines; and NCL America, Defendants.

CASE NO.: 15-21066-CIV-OTAZO-REYES

United States District Court, S.D. Florida.

Signed 07/15/2016

Frank D. Butler, Frank D. Butler PA, Pinellas Park, FL, for Plaintiff.

Andrew Douglas Craven, Erik Baard Grindal, Lisandra Guerrero, Noah Daniel Silverman, Foreman Friedman, PA, Geoffrey Edward Probst, Norwegian Cruise Lines Inc., Miami, FL, for Defendant.

### CONSENT CASE

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ALICIA M. OTAZO-REYES, UNITED STATES MAGISTRATE JUDGE

THIS CAUSE came before the Court upon Defendants NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Lines, NCL Corporation Ltd., and NCL America's Motion for Summary Judgment [D.E. 44].[1] The Court heard oral argument on the Motion for Summary Judgment on April 5, 2016 [D.E. 73]. For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment.

### PROCEDURAL BACKGROUND

Plaintiff Karen Bujarski ("Plaintiff" or "Bujarski") brings a single negligence claim against Defendant, alleging as follows:

- On March 29, 2014, Plaintiff was injured aboard Defendant's vessel, *MS Norwegian Sky* ("*Sky*").
- On that date, at approximately 11:15 P.M., Defendant was holding a "white" party and dance on Deck 11 of the *Sky* near a Jacuzzi.
- Defendant had closed the pool at that location but did not close or turn off the Jacuzzi.
- As a result, a puddle of water accrued on the vessel.
- Plaintiff stepped in the water and fell.

See Am. Compl. [D.E. 8 at 3].

Defendant argues that it is entitled to judgment as a matter of law with regard to Bujarski's negligence claim on the following grounds:

(1) Defendant did not breach its duty of care to Plaintiff because it did not have actual or constructive knowledge of the dangerous condition alleged in the Amended Complaint, namely, a puddle of water on Deck 11 of the *Sky*.

(2) The allegedly dangerous condition was open and obvious.

(3) Even if Defendant breached its alleged duty of care, Defendant's alleged breach was not the proximate cause of Plaintiff's injuries.

As more fully discussed below, the undersigned finds that because Plaintiff has not carried her burden of establishing that Defendant had actual or constructive knowledge of the allegedly dangerous condition, Defendant is entitled to judgment of non-liability as a matter of law with

---

1. Since Defendants' Motion for Summary Judgment was filed, the parties have stipulated that NCL (Bahamas) Ltd. is the only proper defendant in this action. See Joint Pretrial Stipulation [D.E. 54 at 3]. Moreover, it appears that the moving entity NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise lines is the same entity as NCL (Bahamas) Ltd. Therefore, the Court addresses the merits of the Motion for Summary Judgment only with regard to NCL (Bahamas) Ltd. (hereafter, "Defendant" or "NCL").

respect to Plaintiff's single claim of negligence. Given this conclusion, the undersigned need not address the other two grounds presented by Defendant.

## APPLICABLE LAW

### I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." Smith v. Royal Caribbean Cruises Ltd., 620 Fed. Appx. 727, 729 (11th Cir.2015). "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no *genuine issue of material* fact.'" Weiner v. Carnival Cruise Lines, No. 11–CV–22516, 2012 WL 5199604, at *2 (S.D.Fla. Oct. 22, 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Indeed,

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Cohen v. Carnival Corp., 945 F.Supp.2d 1351, 1354 (S.D.Fla.2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Hence,

the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251, 106 S.Ct. 2505.

### II. Negligence Action

■■■ "A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence." Weiner, 2012 WL 5199604, at *2. To prove a claim for negligence, the plaintiff must establish: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." Isbell v. Carnival Corp., 462 F.Supp.2d 1232, 1236 (S.D.Fla.2006). As the incident upon which this action is based "occurred aboard a cruise ship, these elements must be evaluated by reference to federal maritime law." Weiner, 2012 WL 5199604, at *2.

■■■ "It is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances." Isbell, 462 F.Supp.2d at 1237 (citing Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir.1989). Actual notice exists when the defendant knows of the risk creating condition. Id. ("[Defendant's] liability thus hinges on whether it knew ... about the treacherous wet spot."). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." Bencomo v. Costa Crociere S.P.A. Co., No.

10-62437-CIV-DIMITROULEAS/SNOW, 2011 U.S. Dist. LEXIS 157138, at *7 (S.D.Fla. Nov. 10, 2011), aff'd, 476 Fed. Appx. 232 (11th Cir.2012).

## UNDISPUTED MATERIAL FACTS

1. Plaintiff, her husband, son, and adult daughter were passengers aboard the *Sky*.
2. On March 29, 2014, at approximately 11:00 P.M., Plaintiff, her husband, son, and adult daughter visited the exterior pool deck of the *Sky* to attend a "White Hot" party that was being held there. The "While Hot" party included a "DJ" and dance area.
3. On the deck where the "White Hot" party was being held, there were two pools and four Jacuzzis.
4. NCL shut down both pools for the party.
5. Plaintiff's husband testified that he witnessed people entering and exiting the Jacuzzis, which could potentially make the deck wet.
6. As Plaintiff, her husband, son and adult daughter walked towards the party, they came to a stop near one of the Jacuzzis.
7. Shortly after, Plaintiff fell down.
8. Before Plaintiff fell, neither Plaintiff nor her family saw anything on the deck.

## DISCUSSION

■ As discussed above, to succeed in her negligence claim, Plaintiff must establish that Defendant had actual or constructive notice of the alleged dangerous condition, namely, a puddle of water on Deck 11 of the *Sky*. Keefe, 867 F.2d at 1322. Defendant contends that Plaintiff has failed to carry this burden. See Motion for Summary Judgment [D.E. 44 at 10-13]. With regard to actual notice, Plaintiff has proffered no evidence that Defendant knew that there was a puddle of water on the deck prior to, or at the time of, Plaintiff's fall. See Keefe, 867 F.2d at 1322 ("[Defendant's] liability thus hinges on whether it knew ... about the treacherous wet spot."). With regard to constructive notice, Plaintiff has provided no evidence of how long the puddle of water was present on the deck. Indeed, before Plaintiff fell, neither Plaintiff nor her family saw anything on the deck. Absent such evidence, Plaintiff cannot establish that the puddle of water upon which she allegedly stepped was on the deck of the *Sky* for such a period of time that Defendant must have known of its presence. See Bencomo, 2011 U.S. Dist. LEXIS 157138, at *7 ("Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it."). Hence, Plaintiff has failed to establish that Defendant had actual or constructive notice of the dangerous condition.

■ Plaintiff does not contest Defendant's position that she failed to proffer evidence of actual or constructive notice, as required by Keefe, 867 F.2d at 1322. Instead, Plaintiff argues that notice is not required in this case because Defendant participated in creating the dangerous condition, relying on Rockey v. Royal Caribbean Cruises, Ltd., No. 99-708-CIV-GOLD, 2001 WL 420993 (S.D.Fla. Feb. 20, 2001). See Plaintiff's Response [D.E. 57 at 15]. However, "Rockey confined its holding to situations where the dangerous condition was not a result of the emergence of a foreign substance but rather the result of the shipowner's overt act." See Bencomo, 2011 U.S. Dist. LEXIS 157138, at *5 n.1. Here, the alleged dangerous condition, a puddle of water, *was* a result of the emergence of a foreign substance. Thus, Rockey is not applicable here and Keefe's notice requirement is. Id. at *5-6 n.1 ("Because Plaintiff's case does arise from the emer-

gence of a foreign substance, <u>Rockey</u> would not apply. This Court finds that the binding rule set forth in <u>Keefe</u> applies, making notice a prerequisite.").[2]

Plaintiff also cites <u>Sorrels v. NCL (Bahamas) Ltd.</u>, 796 F.3d 1275 (11th Cir.2015) for the proposition that <u>Rockey</u> and its progeny,[3] rather than <u>Keefe</u>, control this case. <u>See</u> Plaintiff's Response [D.E. 57 at 15-17]. However, in <u>Sorrels</u>, the Eleventh Circuit applied the <u>Rockey</u> and progeny exception to <u>Keefe</u>'s notice requirement "without passing on its correctness." <u>Sorrels</u>, 796 F.3d at 1287 ("The district court [had] ruled" that "plaintiff need not show that [defendant] had notice of the alleged condition," because plaintiff claimed that defendant had "created the dangerous condition;" and defendant did "not take issue with this standard on appeal."). Hence, <u>Sorrels</u> provides no support for Plaintiff's position.

Because Plaintiff has failed to proffer evidence that supported an essential element of her negligence claim, i.e., the notice requirement, Defendant is entitled to judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 322–23, 106 S.Ct. 2548; <u>Cohen</u>, 945 F.Supp.2d at 1354. Given this conclusion, the Court need not address the two additional grounds advanced in Defendant's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [D.E. 44] is GRANTED. In accordance with Fed. R. Civ. P. 58, the Court will enter a separate Final Judgment against Plaintiff and in favor of Defendants.[4]

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of July, 2016.

---

2. Other cases cited by Plaintiff in support of her argument are also not applicable since none of them deal with the emergence of a foreign substance. <u>See, e.g.</u>, <u>Franza v. Royal Caribbean Cruises, Ltd.</u>, 772 F.3d 1225 (11th Cir.2014) (medical malpractice onboard a cruise ship); <u>McDonough v. Celebrity Cruises, Inc.</u>, 64 F.Supp.2d 259 (S.D.N.Y.1999) (coconut filled drink falling from a railing); <u>Palmieri v. Celebrity Cruise Lines, Inc.</u>, No. 98 Civ. 2037LAPHBP, 1999 WL 494119 (S.D.N.Y.

July 13, 1999) (defect in cabin where the cruise line was responsible for the cabin's layout).

3. <u>E.g.</u>, <u>Long v. Celebrity Cruises, Inc.</u>, 982 F.Supp.2d 1313 (S.D.Fla.2013).

4. Because the parties have stipulated that NCL is the only proper defendant here, judgment will also be entered in favor of the other defendant entities.