CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
THIS CAUSE came before the Court on Defendant, Carnival Corporation's Motion for Summary Judgment [ECF No. 36 ], filed January 22, 2019. Defendant contemporaneously filed its Statement of Undisputed Facts [ECF No. 37] (the "Def.'s SOF"). On February 15, 2019, Plaintiff, Mary Stewart, filed a Response [ECF No. 53 ] and a Response to Defendant's Facts [ECF No. 54] (the "Pl.'s SOF"). On February 22, 2019, Defendant filed a Reply [ECF No. 63 ] and a Response to Plaintiff's Additional Facts [ECF No. 64] (the "Def.'s Resp. to Pl.'s SOF"). On February 28, 2019, Plaintiff filed a Surreply [ECF No. 66 ]. The Court has carefully considered the parties' submissions, their exhibits, the record,[1] the Complaint [ECF No. 1 ], and *1274 applicable law. For the following reasons, the Motion is denied.
I. BACKGROUND
On June 6, 2017, Plaintiff suffered injuries from a slip and fall on Defendant's vessel, the Carnival Pride. (See Def.'s SOF ¶¶ 1-2). Plaintiff's narrative, supported by the record, is straightforward. Plaintiff slipped and fell in a five-by-five-foot oily puddle of pool water while participating in Defendant's dancing event hosted on the Lido Pool Deck next to the main deck pool. (See Pl.'s SOF ¶ 11). Plaintiff was dancing barefoot and did not feel any wetness on the floor before falling. (See id. ¶¶ 9, 13). For 30 minutes, Plaintiff and her sister, Jean Gazda, did not witness anyone spill or drop a drink where Plaintiff fell. (See id. ¶¶ 35-36, 48). Plaintiff and her sister did not see any crewmembers mopping the floor during the dance. (See id. ¶¶ 35, 48). They also did they see anyone exit the pool and walk on the area where Plaintiff slipped and fell. (See id. ¶¶ 11, 19).
After falling, Plaintiff felt wet oily pool water on her pants and legs. (See id. ¶¶ 9, 13, 16). Plaintiff and her sister could not see the puddle because the pool deck was dimly lit, and the floor was shiny. (See id. ¶¶ 20, 22, 43). Nevertheless, they both knew there was a large puddle of water and saw the moisture on the left side of Plaintiff's body. (See id. ). Plaintiff knew it was pool water because it was not colored, lacked an odor, and wasn't sticky. (See id. ¶ 9).
Based on the events leading up to her slip and fall, Plaintiff filed a Complaint [ECF No. 1 ] asserting a single negligence claim (Count I) (See id. ¶¶ 20-29). Plaintiff contends Defendant could have closed or reasonably maintained the Lido Pool Deck during the dancing event to ensure the floors were dry, or at a minimum, placed signs in the area to alert passengers the floor could be wet and slippery. (See generally id. ).
Defendant now seeks summary judgment arguing no genuine dispute of material fact remains on Plaintiff's negligence claim. (See generally Mot.; Reply).
II. LEGAL STANDARDS
Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a), (c). If there are any factual issues, summary judgment must be denied and the case proceeds to trial. See Whelan v. Royal Caribbean Cruises Ltd. , No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing Envtl. Def. Fund v. Marsh , 651 F.2d 983, 991 (5th Cir. 1981) ). Even when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." Id. (alteration added; citation omitted).
"Under maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." Sorrels v. NCL (Bah.) Ltd. , 796 F.3d 1275, 1279 (11th Cir. 2015) (citations omitted). To prevail in a maritime negligence claim, a plaintiff must show: "(1) the defendant had a duty to *1275 protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." Chaparro v. Carnival Corp. , 693 F.3d 1333, 1336 (11th Cir. 2012) (citations omitted).
To establish the owner of a ship in navigable waters breached its duty of care, a plaintiff must show: "(1) a dangerous condition existed; (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." Reinhardt v. Royal Caribbean Cruises, Ltd. , No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013) (alteration added; citations omitted).
III. ANALYSIS
Defendant asserts it is entitled to summary judgment because Plaintiff has failed to present triable issues of fact on whether Defendant breached its duty of care. (See generally Mot.; see also Reply). Specifically, Defendant contends (1) no dangerous condition existed (see Mot. 8-12), and in any event (2) it was not placed on either actual or constructive notice of any dangerous condition (see id. 12-15). The Court addresses, and rejects, these two arguments in turn.
A. Dangerous Condition
First, Defendant asserts no dangerous condition existed to give rise to a breach of a duty of care. (See id. 8). Defendant posits Plaintiff's record evidence is limited to guesswork that is insufficient to withstand summary judgment. (See id. 9). Defendant insists "[c]ommon sense dictates that an invisible film of 'sunscreen oils and aerosols' in the midst of a large number of 'line dancers' would have created a noticeable safety issue long before [ ] Plaintiff's fall." (Id. 10 (alterations added) ).
"A dangerous condition is one that is not apparent and obvious to a passenger .... The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition." Miller v. NCL (Bah.) Ltd. , No. 1:15-cv-22254, 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016), aff'd , 679 F. App'x 981 (11th Cir. 2017) (alteration added; citations omitted). Certainly, "[a] cruise line does not need to warn passengers or make special arrangements for open-and-obvious risks .... In determining whether a risk is open and obvious, we focus on what an objectively reasonable person would observe and do not take into account the plaintiff's subjective perceptions." Horne v. Carnival Corp. , 741 F. App'x 607, 609 (11th Cir. 2018) (internal quotation marks and citations omitted; first and second alterations added, third alteration removed).
There is evidence to support the inference that Plaintiff slipped and fell on an otherwise dry and safe surface while participating in the dancing event on the Lido Pool Deck. Again, Plaintiff slipped and fell in a five-by-five-foot oily puddle of pool water. (See Pl.'s SOF ¶ 11). She was dancing barefoot and did not feel any wetness on the floor before falling. (See id. ¶¶ 9, 13). Plaintiff and her sister could not see the puddle because the pool deck was dimly lit, and the floor was shiny. (See id. ¶¶ 20, 22, 43). Yet, they both eventually inferred there was a large puddle of water from the moisture on Plaintiff's body. (See id. ).
Under these facts, a reasonable trier of fact could find the puddle was a dangerous condition that was not open and obvious -- that a passenger reasonably would not expect to find the puddle of water that caused Plaintiff's injuries. See *1276 Diczok v. Celebrity Cruises, Inc. , 263 F.Supp.3d 1261, 1265 (S.D. Fla. 2017) (noting the plaintiff's testimony that area of incident was "very dark" could give rise to a "question[ ] of fact ... whether [defendant] created a dangerous condition ...." (alterations added) ); see also Thomas v. NCL (Bah.), Ltd. , 203 F.Supp.3d 1189, 1194 (S.D. Fla. 2016) (finding "disputed issues of material fact regarding whether a puddle ... on a deck is an open and obvious danger." (alteration added) ).
B. Actual Or Constructive Notice
Defendant next argues that even if a dangerous condition existed, there is no record evidence to support an inference Defendant had actual or constructive notice of such a condition. (See Mot. 12-15). Defendant contends Plaintiff's testimony regarding constructive notice is predicated on speculation. (See id. 15). The Court must again disagree with Defendant.
"In the Eleventh Circuit, under federal maritime law, there must be a finding of actual or constructive notice of a dangerous condition before a cruise ship can be held liable for negligence." Wieters v. Carnival Corp. , No. 16-25284-Civ, 2018 WL 4682217, at *3 (S.D. Fla. Sept. 28, 2018) (citing Pizzino v. NCL (Bah.) Ltd. , 709 F. App'x 563, 565 (11th Cir. 2017) (other citations omitted) ). "[C]onstructive notice can be established by showing "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." Id. (alteration added) (quoting Keefe v. Bahama Cruise Line, Inc. , 867 F.2d 1318, 1322 (11th Cir. 1989) ).
Plaintiff was dancing barefoot and did not feel any wetness on the floor before falling. (See Pl.'s SOF ¶¶ 9, 13). For 30 minutes, Plaintiff and her sister did not witness anyone spill or drop a drink on the Lido Pool Deck. (See id. ¶¶ 35-36, 48). Plaintiff and her sister did not see Defendant's crewmembers mopping the floor during the dance. (See id. ¶¶ 35-36, 48). They did not see anyone exit the pool and walk on the area where Plaintiff slipped and fell. (See id. ¶¶ 11, 19). For purposes of summary judgment, this record evidence is enough to support an inference Defendant had constructive notice for a long enough period of time to take corrective measures. See Thomas , 203 F.Supp.3d at 1193 ("In premises liability cases, for example, a plaintiff may prove constructive notice if he shows that a dangerous condition existed on the floor for a sufficient length of time, which Florida courts have found to be 15-20 minutes." (citation omitted) ). Defendant is thus not entitled to summary judgment.
IV. CONCLUSION
The present Motion essentially asks the Court to accept Defendant's version of "common sense" and to weigh the strength of Plaintiff's inferences and the record evidence. This, the Court will not do, as it "is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." Watts v. Great Atl. & Pac. Tea Co. , 842 F.2d 307, 310 (11th Cir. 1988) (internal quotation marks, citation, and footnote call number omitted).
For the foregoing reasons, it is
ORDERED AND ADJUDGED that Defendant, Carnival Corporation's Motion for Summary Judgment [ECF No. 36 ] is DENIED .
DONE AND ORDERED in Miami, Florida, this 13th day of March, 2019.

On February 19, 2019, the Court entered an Order [ECF No. 62 ] sanctioning Defendant for its prejudicial delayed disclosure of an enhanced CCTV video. (See February 19, 2019 Order 2). Specifically, the Court held it would not consider the enhanced CCTV video when resolving Defendant's Motion for Summary Judgment. (See id. ). Consistent with that Order, the Court does not consider the CCTV enhanced video here. See Hurst v. Youngelson , No. 1:15-cv-03560, 354 F.Supp.3d 1362, 1371 n.6, 2019 WL 343337, at *4 n.6 (N.D. Ga. Jan. 28 2019) (holding "Defendants' late disclosure violated Federal Rule of Civil Procedure 26 and that, pursuant to Rule 37(c)(1), Defendants could not rely on [the late disclosures] in opposing summary judgment." (alteration added) ).
In any event, the Court's decision to sanction Defendant is largely symbolic. Defendant concedes it is "specifically not asserting the CCTV video ... can stand as an undisputed material fact in light of [ ] Plaintiff's testimony at deposition that she did not make contact with another passenger while dancing, which caused her to fall." (Mot. 9 (alterations added) ).